**Ralph C. Shelton II, Esq. 132757**
**Laurie Schiff, Esq are you and in a non-soccer. 140455**
**Schiff & Shelton**
Attorneys at Law
3700 Campus Drive, Suite 202
Newport Beach, California 92660
Telephone: (949) 417-2211

Attorneys for Defendant Guy Scott Griffithe

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Southern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 8:20-cv-00124-DOC-JDE |
| Plaintiff, | Assigned to: Judge David O. Carter |
| v | **DEFENDANT GUY SCOTT GRIFFITHE'S ANSWER TO THE COMPLAINT** |
| GUY SCOTT GRIFFITHE, ROBERT WILLIAM RUSSELL, RENEWABLE TECHNOLOGIES SOLUTION, INC., GREEN ACRES PHARMS, LLC, and SMRB, LLC, | **DEMAND FOR JURY TRIAL** |
| Defendants, and | |
| SONJA MARIE RUSSELL, | |
| Relief Defendant. | |

Defendant Guy Scott Griffithe (hereinafter, "Griffithe"), by and through his attorneys of record, Schiff & Shelton, answer the Complaint of the Securities and Exchange Commission (hereinafter, "SEC") as follows, reserving all rights, including, but not limited to, the right to request dismissal of the Complaint on any and all grounds.

<u>ANSWER TO SPECIFIC ALLEGATIONS</u>

1. Paragraph 1 requires no response.

2. Griffithe admits the allegations of paragraph 2 of the complaint.

3. Griffithe admits the allegations of paragraph 3 of the complaint.

4. Griffithe denies the allegations of paragraph 4 of the complaint.

5. Griffithe denies the allegations of paragraph 5 of the complaint.

6. Griffithe denies the allegations of paragraph 6 of the complaint.

7. The allegations of paragraph 7 are vague and ambiguous, as it is unclear by home the alleged statements were made. As such, Griffithe lacks sufficient information upon which to admit or deny the allegations of paragraph 7, and on that basis denies the same.

8. Griffithe denies the allegations of paragraph 8 of the complaint.

9. Griffithe denies the allegations of paragraph 9 of the complaint.

10. This defendants lacked sufficient information upon which to admit or deny the allegations of paragraph 10, and on that basis denies the same.

11. Griffithe denies the allegations of paragraph 11 of the complaint.

12. Griffithe denies the allegations of paragraph 12 of the complaint.

13. This paragraph requires no response from Griffithe, but if a response is required, Griffithe denies the allegations of paragraph 13 of the complaint.

14. The allegations of paragraph 14 are compound and they, such that this defendant cannot admit or deny the paragraph in its entirety. To the extent that admitting or denying the allegations is possible, defendant Griffithe admits his age, admits that he is an officer of Renewable Technology Solutions, Inc., admits that he is an executive in the motion picture industry, admits that he is an officer and board member of Bridgegate Pictures, Corp., and denies the remaining allegations of the paragraph.

15. Defendant lacks sufficient information upon which to base an admission or denial of the allegations of paragraph 15, and on that basis, denies the same.

16. Griffithe admits in part and denies in part the allegations of paragraph 16 of the complaint. To the extent that the allegations of the paragraph that "RTSI issues and sole investment contracts to investors that fraudulently purported to represent and interest in SMRB, LLC", Griffithe denies the allegations of paragraph 16. Griffithe admits the remaining allegations of paragraph

1 | 16.
2 | 17. Griffithe admits the allegations of the first sentence only of paragraph 17 of the complaint, and denies the remaining allegations of said paragraph.
3 | 18. Griffithe lacks sufficient information upon which to base an admission or denial of paragraph 18 of the complaint, and on that basis, denies the same.
4 | 19. Griffithe lacks sufficient information upon which to base an admission or denial of paragraph 19 of the complaint, and on that basis, denies the same.
5 | 20. Griffithe denies the allegations of paragraph 20 of the complaint.
6 | 21. Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of paragraph 21 of the complaint, and on that basis denies the same.
7 | 22. Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of paragraph 22 of the complaint, and on that basis denies the same.
8 | 23. Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of paragraph 23 of the complaint, and on that basis denies the same.
9 | 24. Griffithe admits the allegations of paragraph 24 of the complaint.
10 | 25. Griffithe denies the allegations of the first sentence of paragraph 25, and admits the allegations of the remainder of said paragraph.
11 | 26. Paragraph 26 requires no response, but, to the extent that it may require response, Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of said paragraph, that on that basis denies the same.
12 | 27. Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of paragraph 27 of the complaint, and on that basis denies the same.
13 | 28. Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of paragraph 28 of the complaint, and on that basis denies the same.
14 | 29. Griffithe denies the allegations of paragraph 29 of the complaint.
15 | 30. Griffithe denies the allegations of paragraph 30 of the complaint.
16 | 31. Griffithe denies the allegations of paragraph 31 of the complaint.
17 | 32. Griffithe denies the allegations of paragraph 32 the complaint.

33. Griffithe denies the allegations of paragraph 33 of the complaint.

34. Griffithe guides the allegations of paragraph 4 of the complaint, but admits that a website describing a company called GAP did exist.

35. Griffithe denies the allegations of paragraph 35 of the complaint, but does admit that he spoke with individuals who express interest in profiting from a cannabis business.

36. Griffithe denies the allegations of paragraph 36 of the complaint to the extent that they apply to him, admits that he met with individuals who had expressed an interest in participating in the profits of a cannabis business, and lacks sufficient information upon which to base an admission or denial of the allegations as to the conduct of any other defendant and on that basis denies those allegations.

37. Griffithe denies the allegations of paragraph 37 of the complaint, and in particular, the use of terms such as "lured" and "scheme" appear to be less allegations requiring a response, and more in the nature of hyperbole.

38. Griffithe denies the allegations of paragraph 38 of the complaint.

39. It cannot be ascertained from the language of paragraph 39 which of the defendants herein is purported to have made the subject representations, and as such, Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of this paragraph, and on that basis denies the same.

40. It cannot be ascertained from the language of paragraph 40 which of the defendants herein is purported to have made the subject representations, and as such, Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of this paragraph, and on that basis denies the same.

41. It cannot be ascertained from the language of paragraph 41 which of the defendants herein is purported to have made the subject representations, and as such, Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of this paragraph, and on that basis denies the same.

42. Griffithe denies the allegations of paragraph 42 of the complaint to the extent that they apply to him, admits that he met with individuals who had expressed an interest in participating in the

|   |     |   |
|---|-----|---|
| 1 |     | profits of a cannabis business, wo may or may not have lived outside of the state of Washington, |
| 2 |     | and lacks sufficient information upon which to base an admission or denial of the allegations as |
| 3 |     | to the conduct of any other defendant and on that basis denies those allegations. |
| 4 | 43. | Griffithe lacks sufficient information upon which to base an admission or denial of the |
| 5 |     | allegations of paragraph 43. |
| 6 | 44. | Griffithe admits the accuracy of the excerpts of documents contained within paragraph 44, and |
| 7 |     | denies any remaining allegations of said paragraph. |
| 8 | 45. | Griffithe admits that a warm found on the Internet was the basis of the agreement referred to in |
| 9 |     | paragraph 45, and that he signed contracts in his capacity as an officer of RTSI, and denies any |
| 10 |    | remaining allegations of said paragraph. |
| 11 | 46. | Griffithe lacks sufficient information about which you base an admission or denial of the |
| 12 |    | allegations of paragraph 46 of the complaint. |
| 13 | 47. | Griffithe admits that GAP was formed in approximately August, 2016, and denies the remaining |
| 14 |    | allegations of paragraph 47. |
| 15 | 48. | Griffithe admits that a request was made on behalf of GAP of one or more persons to rescind |
| 16 |    | certain transactions with RTSI and to enter into a Subscription Agreement with GAP. |
| 17 | 49. | Griffithe denies the allegations of paragraph 49 of the complaint. |
| 18 | 50. | Griffithe admits the allegations of paragraph 50 of the complaint. |
| 19 | 51. | Griffithe admits that during the time referenced in paragraph 51 of the complaint he and Russell |
| 20 |    | communicated with one another about financial issues, and denies the remaining allegations of |
| 21 |    | said paragraph. |
| 22 | 52. | Griffithe admits that, during the time. Referenced in paragraph 52 of the complaint, he and |
| 23 |    | defendant Russell communicated with one another about the financial dealings of the company, |
| 24 |    | and denies the remaining allegations of said paragraph. |
| 25 | 53. | Griffithe admits the allegations of paragraph 53 of the complaint. |
| 26 | 54. | Griffithe lacks sufficient information upon which to base an admission or the mile at paragraph |
| 27 |    | 54 of the complaint, and on that basis denies the same. |
| 28 | 55. | Paragraph 55 of the complaint does not require a response from defendant Griffithe, but, to the |

extent that it may require a response, Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of said paragraph, and on that basis denies the same.

56. Griffithe denies the allegations of paragraph 6 of the complaint.

57. Griffithe denies the allegations of paragraph 57 of the complaint.

58. Griffithe denies the allegations of paragraph 58 of the complaint.

59. Paragraph 59 does not require a response, as it is argumentative in nature, but, to the extent that a response may be required, Griffithe denies the allegations of paragraph 59.

60. Paragraph 60 does not require a response, as it is argumentative in nature, but, to the extent that a response may be required, Griffithe denies the allegations of said paragraph.

61. Paragraph 61 does not require response, as it is argumentative in nature, but, to the extent that a response may be required, Griffithe denies the allegations of said paragraph.

62. Paragraph 62 does not require a response, as it is argumentative nature, but, to the extent any response may be required, Griffithe denies the allegations of said paragraph.

63. Paragraph 63 does not require response, as it is argumentative in nature, but, to the extent that any response may be required, Griffithe denies the allegations of said paragraph.

64. Paragraph 64 does not require a response, as it is argumentative nature, but, to the extent that any response may be required, Griffithe denies the allegations of said paragraph.

65. Paragraph 65 not require a response, as it is argumentative in nature, but, to the extent that any response may be required, Griffithe denies the allegations of said paragraph.

66. Griffithe denies the allegations of paragraph 66 of the complaint.

67. Griffithe lacks sufficient privation upon which to base an admission or denial of the allegations of paragraph 67 of the complaint, and on that basis denies the same. Griffithe admits that money was received from persons expressing an interest in participating in the profits of a cannabis business, and that such funds were deposited in company accounts.

68. Griffithe denies the allegations of paragraph 68 of the complaint.

69. Griffithe denies the allegations of paragraph 69 of the complaint.

70. Griffithe denies the allegations of paragraph 70 of the complaint.

71. Griffithe admits that during the time period referenced in paragraph 71 of the complaint funds

were transferred to Russell. However, Griffithe lacks sufficient information upon which to base an admission or denial of the remaining allegations of paragraph 71, and on that basis denies the same.

72. Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of paragraph 72, and on that basis denies the same.

73. Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of paragraph 73 of the complaint, and on that basis, denies the same.

74. Paragraph 74 does not require a response, to the extent that it is argumentative, but to the extent that a response may be required, Griffithe denies the allegations of paragraph 74.

75. Griffithe denies the allegations of paragraph 75 of the complaint.

76. Griffithe denies the allegations of paragraph 76 of the complaint.

77. Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of paragraph 77 of the complaint, and on that basis denies the same.

78. Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of paragraph 78 of the complaint, and on that basis denies the same.

79. Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of paragraph 79 of the complaint, and on that basis denies the same.

80. No response is required of this defendant has to paragraph 80 of the complaint, and this defendant lacked sufficient information upon which to base their admission or denial of the allegations of said paragraph.

81. Griffithe denies the allegations of paragraph 81 of the complaint.

82. Griffithe lacks sufficient information upon which to base an admission or denial as to the belief held by anyone at any time, and on that basis denies the allegations of paragraph 82 of the complaint. To the extent that quotations from any document are provided, Griffithe admits that they are accurately worded. Griffithe denies any allegation of authoring statements for, or issuing statements to, investors.

83. Griffithe denies any allegation that any act referred to in paragraph 83 was undertaken to quote further the illusion" of anything, but admits that one or more of the companies mentioned in said

paragraph paid monies out pursuant to agreements.

84. With respect paragraph 84, Griffithe admits paying sums out, but denies the characterization of the recipients as investors.

85. Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of paragraph 85 of the complaint, and to the extent that there is any implication that he promulgated misleading information, denies the same.

86. Paragraph 86 not appear to require a response from this defendant, however, to the extent that any response may be required, Griffithe denies the allegations of said paragraph.

87. Griffithe denies the allegations of paragraph 87 of the complaint.

88. Griffithe denies the allegations of paragraph 88 of the complaint.

89. Griffithe admits that on or about August 16, 2018, a conference call was held, and that Griffithe and Russell participated in the call, but denies the remaining allegations of paragraph 89 of the complaint.

90. Griffithe admits that an e-mail was sent to interested parties on or about August 16, 2018, but denies the remaining allegations of paragraph 90.

91. Griffithe admits to describing his understanding of the financial operations of SMRB on or about August 16, 2018, but denies the remaining allegations of paragraph 91 of the complaint.

92. Griffithe denies the allegations of paragraph 92 of the complaint.

93 Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of paragraph 93 of the complaint, and on that basis denies the same.

94. Griffithe lacks sufficient information upon which to base an admission or denial as to the allegations of paragraph 94 of the complaint, and on that basis denies the same.

95. Paragraph 95 is conclusory and or argumentative and requires no response, but, to the extent that said paragraph does require a response, Griffithe denies the allegations of said paragraph

96. Griffithe lacks sufficient information upon which to base an admission denial of the allegations of paragraph 96 of the complaint, and on that basis denies the same.

97. Griffithe lacks sufficient information upon which to base an admission or denial of the allegations of paragraph 97 of the complaint, and on that basis denies the same.

98.  Paragraph 99 requires either an admission or denial.

99.  Griffithe denies the allegations of paragraph 99 of the complaint.

100. Griffithe denies the allegations of paragraph 100 of the complaint.

101. Griffithe denies the allegations of paragraph 101 of the complaint.

102. Paragraph 102 requires either admission or denial.

103. Griffithe denies the allegations of paragraph 103 of the complaint.

104. Griffithe denies the allegations of paragraph 104 of the complaint.

105. Griffithe denies the allegations of paragraph 105 of the complaint.

106. Paragraph 106 of the complaint requires neither an admission or denial.

107. Griffithe denies the allegations of paragraph 107 of the complaint.

108. Griffithe denies the allegations of paragraph 108 of the complaint.

109. Griffithe denies the allegations of paragraph 109 of the complaint.

110. Paragraph 110 of the complaint requires either admission or denial.

111. Griffithe denies the allegations of paragraph 111 of the complaint.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendant Griffithe prays for relief as follows:

1. The dismissal of the SEC's complaint with prejudice and without recovery, and a judgment in favor of defendants;

2. That defendants recover costs incurred because of this suit, including reasonable attorneys fees incurred; and

3. Any further relief that this court may deem just and proper.

///

///

///

///

///

REQUEST FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, defendant demands a trial by jury of all issues properly tried to a jury

Dated: April 30, 2020

                Schiff & Shelton

                /s/  Ralph C. Shelton II
                By Ralph C. Shelton II, Esq.
                SBN 132757
                Attorney for Defendant Guy Scott Griffithe

**PROOF OF SERVICE**

**RALPH C. SHELTON II** hereby certifies that on April 30, 2020, he caused to be served the document entitled DEFENDANT GUY SCOTT GRIFFITHE'S ANSWER TO THE COMPLAINT on all the parties to this action addressed as stated on the attached service list:

☐ noOFFICE **MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ NoELECTRONIC **MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with

the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

April 30, 2020 /s/ *Ralph C. Shelton II*
Ralph C. Shelton II

*SEC v. Griffithe, et al.*
**United States District Court—Central District of California**
**Case No. 8:20-cv-00124-DOC-JDE**

## SERVICE LIST

Duane K. Thompson, Esq.
　　thompsond@sec.gov
100 F Street, N.W.
Washington, D.C. 20549

Gary Y. Leung, Esq. (Cal. Bar No. 302928)
　　leungg@sec.gov
U.S. Securities and Exchange Commission
444 S. Flower Street, Ste. 900

**Counsel to Plaintiff,**
**Securities and Exchange Commission**

Robert S. Addison, Esq.
　　raddison@buchalter.com
Bradley P. Thoreson, Esq.
　　bthoreson@buchalter.com
Paul J. Fraidenburgh, Esq.
　　pfraidenburgh@buchalter.com
Buchalter, A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
949/760-1121
949/720-0182 (fax)

**Counsel to Defendants,**
**William Robert Russell, SMRB, LLC,**
**and Relief Defendant Sonja Marie Russell**