# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
### Southern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GUY SCOTT GRIFFITHE, et al.,<br><br>Defendants. | Case No. 8:20-cv-00124-DOC (JDEx)<br><br>**PROTECTIVE ORDER**<br><br>[Note underlined or strike-through changes by the Court] |

Upon the Stipulation (Dkt. 44, 44-1) filed by Plaintiff Securities and Exchange Commission and Defendants Guy Scott Griffithe, Robert William Russell, and SMRB, LLC, and Relief Defendant Sonja Marie Russell, and good cause appearing, the Court hereby finds and orders as follows:

1. **PURPOSES AND LIMITATIONS**

Defendants believe that discovery in this action involves production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Plaintiff Securities and Exchange Commission ("SEC") takes the position that when considering whether good cause for a protective order under

Rule 26(c) exists, courts must weigh the presumption of openness of litigation materials against the asserted right of confidentiality. When the government brings an enforcement action, those matters are of significant public concern and may often outweigh any competing interest in confidentiality. Nonetheless, the parties have stipulated to and petitioned the Court to enter the following Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. **GOOD CAUSE STATEMENT**

This action involves allegations of violations of the federal securities laws and related financial transactions and related evidence of which may contain sensitive information, including personally identifiable information. Defendants anticipate that certain information exchanged in discovery may be confidential/sensitive information which is generally unavailable to the public and which is privileged or otherwise protected from disclosure under state and federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for ~~and in the conduct of~~ trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record in this case.

3. **<u>ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER SEAL</u>**

The parties further acknowledge, as set forth in Section 15.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.,* 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.,* 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents

under seal must be provided by declaration. Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible. <u>This Order does not govern the handling of materials at trial, which will be governed by orders by the District Judge.</u>

4. **DEFINITIONS**

    4.1    <u>Action</u>: This pending lawsuit filed by the Securities and Exchange Commission (Case No. 8:20-cv-00124-DOC-JDE) (C.D. Cal.).

    4.2    <u>Challenging Party</u>: A Party that challenges the designation of information or items under this Order.

    4.3    <u>"Confidential" Information or Items</u>: Disclosure or Discovery Material (as defined in sub-paragraph 4.6 below) that qualify for protection under Fed. R. Civ. P. 26(c), and as specified above in the Good Cause Statement.

    4.4    <u>Counsel</u>: Counsel of Record and House Counsel (as well as their support staff and other SEC attorneys).

    4.5    <u>Designating Party</u>: A Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

    4.6    <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

    4.7    <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.9 <u>Order</u>: This Protective Order.

4.10 <u>Party</u>: Any party to this Action, including all of its officers, and directors (and their support staff).

4.11 <u>Personal Information</u>: Personal Information is information as defined in Rule 5.2 of the Federal Rules of Civil Procedure.

4.12 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.13 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4.15 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

4.16 <u>SEC</u>:  The Securities and Exchange Commissions and its officers, employees and contractors.

5. **SCOPE**

The protection conferred by this Stipulation and Protective Order covers not only Disclosure or Discovery Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof that might reveal Discovery Material.

6. **DURATION**

Even after termination of this litigation, the confidentiality obligations imposed by this Stipulation and Protective Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

7. **DESIGNATING PROTECTED MATERIAL**

    7.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, then that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    7.2   <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents or materials it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents or materials it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    (a)    For testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record during the deposition or by making the appropriate designations in a copy of the deposition transcript and serving the transcript on counsel for the other parties to this action.

    (b)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the "CONFIDENTIAL legend." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    7.3    <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 8. CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1 <u>Timing of Challenges</u>: Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order and any amendments thereto.

8.2 <u>Meet and Confer</u>: The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, et seq. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

8.3 <u>Burden</u>: The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 9. ACCESS TO AND USE OF PROTECTED MATERIAL

9.1 <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

9.2 <u>Disclosure of "CONFIDENTIAL" Disclosure or Discovery Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record or of the SEC to whom it is reasonably necessary to disclose the information for this Action;

   (b) The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

   (c) EXPERTS (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (d) The Court and its personnel;

   (e) Court reporters and their staff;

   (f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

   (g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   (h) During their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; and

   (i) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

  9.3 Nothing in this Stipulation and Protective Order shall alter the Parties' obligations under Federal Rule of Civil Procedure 5.2.

  9.4. Notwithstanding any other provision of this Order, the SEC shall not be limited in its ability to share, disclose, or produce any information received in connection with this action with any other federal or state authority, agency or

department, or to comply with any statutory or regulatory obligation without notifying or seeking permission from the Producing Party.

9.5. The SEC has document retention obligations mandated by statutes, including but not limited to the following: (1) 18 U.S.C. §§ 641 and 2071; (2) U.S.C. Chapters 21, 29, 31, and 33; and (3) 36 C.F.R. Parts 1220-1239. Accordingly, nothing in this Order shall restrict or limit the SEC from retaining any materials to the extent required by law.

10. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) Promptly notify in writing the Designating Party and provide a copy of the subpoena or court order unless a court order prohibits such notification;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 11. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

11.1   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11.2   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)   Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)   Promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)   Make the information requested available for inspection by the Non-Party, if requested.

(d)   If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

12. <u>APPLICABILITY TO THE SEC'S INITIAL DISCLOSURES</u>

The SEC's Initial Disclosures in this case pursuant to Rule 26 (a) of the Federal Rules of Civil Procedure include voluminous documentation received during the SEC's pre-suit investigation pursuant to administrative subpoena or voluntary production from one or more of the defendants or from Non-Parties. ("Pre-Suit Productions").  This includes Personal Information.  The Parties agree and stipulate that: (i) it would be unduly burdensome, and would engender significant delay, if the SEC were required to process Pre-Suit Productions in compliance with the procedures set forth in Section 7 of this Order; and (ii) Pre-Suit Productions nonetheless may contain information that would be deemed CONFIDENTIAL, and in particular may contain Personally Identifiable Information within the meaning of Rule 5.2 of the Federal Rules of Civil Procedure.

12.1. The SEC therefore shall not be required to review Pre-Suit Productions to determine whether they contain CONFIDENTIAL information and/or to affix a CONFIDENTIAL legend to such documents.

12.2. Notwithstanding the absence of a CONFIDENTIAL legend, no Party shall disclose Pre-Suit Productions included in the SEC's Initial Disclosures for purposes not related to this litigation, including disseminating or disclosing such material to the media, making such information available to the public and/or posting such information on the internet.  However, nothing in this Order shall restrict the dissemination of any document which is publicly available by virtue of it being filed with the Court in the course of this litigation.

13. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

14. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Fed. R. Evid. 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

15. **MISCELLANEOUS**

15.1 <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2 <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

15.3 <u>Filing Protected Material</u>: A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material

under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

16. **VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Pursuant to the stipulation of the parties, and good cause appearing therefor, IT IS SO ORDERED.

Dated: May 28, 2020

JOHN D. EARLY
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

_____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on May 28, 2020 in the case of *Securities and Exchange Commission v. Guy Scott Griffithe, et al.,* Case No. 8:20-cv-0124-DOC (JDE). I agree to comply with and to be bound by all the terms this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____